UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER C.,[1]<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 25-cv-02699-MMP<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**2) SCREENING COMPLAINT UNDER 28 U.S.C. § 1915(e)(2) AND § 1915(a)**<br><br>[ECF No. 2] |

On October 10, 2025, Spencer C. ("Plaintiff") filed this Social Security appeal pursuant to 42 U.S.C. § 405(g) of the Social Security Act, seeking judicial review of the decision of the Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. ECF No. 1 ¶ 1. Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis ("IFP"). ECF No. 2.

---

[1] In accordance with Civil Local Rule 7.1(e)(6)(b), the Court refers to all non-government parties by using their first name and last initial.

1

I.  **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the filing fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id*. at 339 (internal quotation marks omitted). At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). The facts as to the affiant's poverty must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has satisfied his burden of demonstrating he is entitled to IFP status. Plaintiff's motion to proceed IFP contains a sworn statement consisting of his income and

---

[2] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $55.00. *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

assets. According to his sworn statement, Plaintiff has one dependent, age sixteen. ECF No. 2 ¶ 7. Plaintiff's average monthly household income is $298 exclusively from public assistance, and his average monthly household expenses are $298 for food. *Id.* ¶¶ 1, 8. Plaintiff attests his girlfriend and mother pay for all of his expenses. *Id.* ¶ 8. Plaintiff attests he does not have any retirement, disability, or unemployment benefits, and there is $0 in his checking account. *Id.* ¶¶ 1, 4. His only asset is one vehicle — a 2007 Lexus Rx350 worth $500. *Id.* ¶ 5. Plaintiff's sworn statement reflects his household monthly expenditures are equivalent to his monthly income.

The Court finds Plaintiff has sufficiently shown an inability to pay the initial filing fee without impairing his ability to provide his dependent and himself with life's necessities. Thus, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

## II.   SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2) AND § 1915(a)

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory sua sponte screening by the Court. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Norris v. Kijakazi*, No. 23-cv-432, 2023 WL 2518870, at *2 (S.D. Cal. Mar. 13, 2023). A complaint should be dismissed sua sponte if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126. Complaints in social security cases are not exempt from this screening requirement. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Giselle N. v. Kijakazi*, No. 23-cv-04293, 2023 WL 6307947, at *1 (N.D. Cal. Sept. 26, 2023).

Effective December 1, 2022, the Federal Rules of Civil Procedure were amended to include the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules"). The Supplemental Rules govern social security actions and "establish a simplified procedure that recognizes the essentially appellate character of actions that seek only review of an individual's claims on a single administrative record. . . ." Fed. R. Civ. P. Supp. Soc. Sec. R. 2022 Advisory Committee's Note.

Supplement Rule 2(b)(1) provides that the complaint must:

(A) state that the action is brought under § 405(g);

(B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;

(C) state the name and the county of residence of the person for whom benefits are claimed;

(D) name the person on whose wage record benefits are claimed; and

(E) state the type of benefits claimed.

Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1). "The elements of the claim for review are adequately pleaded under Rule 2(b)(1)(B), (C), (D), and (E)." *Id.*, 2022 Advisory Committee's Note.

After reviewing Plaintiff's Complaint pursuant to its sua sponte screening, the Court finds Plaintiff has adequately plead the four elements. The Complaint reflects Plaintiff's claim is brought under 42 U.S.C. § 405(g); identifies the decision as a denial from the ALJ, which the Appeals Council denied further review on August 13, 2025; identifies Plaintiff by name and the social security number used in this case; states Plaintiff lives in San Diego, California, which is in San Diego County; and identifies the type of benefits claimed as disability insurance benefits and supplemental security income benefits. ECF No. 1 ¶¶ 1, 2, 3, 4, 6, 9. Plaintiff adequately pleads the elements required by Supplemental Rule 2(b)(1). Accordingly, the Court finds Plaintiff's Complaint sufficient to survive a § 1915(a) screening.

**IT IS SO ORDERED**.

Dated: October 23, 2025

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge